ANDERSON, C.J., and DROWOTA, REID and HOLDER, JJ., concur.

**Joel Frank BOOKOUT, Plaintiff–Appellant,**

v.

**Pamela Williams BOOKOUT, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 28, 1997.

Permission to Appeal Denied by Supreme Court Sept. 2, 1997.

Richard A. Schulman, Spears, Moore, Rebman & Williams, Chattanooga, for Plaintiff–Appellant.

Michael R. Campbell, Campbell & Campbell, Chattanooga, for Defendant–Appellee.

## OPINION

McMURRAY, Judge.

This is an appeal from the trial court's judgment in a divorce action. The plaintiff (husband) filed the original action and the defendant (wife) filed a counterclaim. The trial court entered judgment granting the wife a divorce, establishing child support, granting custody of the children to the wife, setting visitation privileges for the husband, and dividing the marital estate.

The only issue presented for our review is whether the judgment dividing the marital property is equitable. We modify the judgment of the trial court and affirm as modified.

Our review is governed by Rule 13(d), Tennessee Rules of Appellate Procedure. "Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." In a *de novo* review, the parties are entitled to a reexamination of the whole matter of law and fact and this court should render the judgment warranted by the law and evidence. *Thornburg v. Chase,* 606 S.W.2d 672 (Tenn.App.1980); *American Buildings Co. v. White,* 640 S.W.2d 569 (Tenn.App.1982); Tennessee Rules of Appellate Procedure, Rule 36. No such presumption attaches to conclusions of law. *See Adams v. Dean Roofing Co.,* 715 S.W.2d 341, 343 (Tenn.App.1986).

Apart from an itemized division of the parties' household goods, the court fixed a dollar value for most of the remaining assets. He found the value of the remaining assets to be greater than one and one-half million dollars. (If our calculations are correct, the total value of the remaining assets is substantially greater.) The court then divided the property with approximately 75% going to the wife and the remainder to the husband.

The chancellor made a long and exhaustive findings of fact. Since there is abundant evidence establishing all facts found by the chancellor, well beyond the "preponderance standard," we concur with the findings of fact made by the chancellor except as hereinafter stated. Our next inquiry is whether the division of property was equitable under the facts as found.

The appellant argues that there is "a very strong presumption favoring equal division" of marital assets. As authority, he cites *Evans v. Evans,* 558 S.W.2d 851, 854 (Tenn.App.1977). We find no such presumption. There is, however a presumption that marital property is owned equally. *See Salisbury v. Salisbury,* 657 S.W.2d 761 (Tenn. App.1983). In this case all property is marital property and is presumed to be equally owned. Under such circumstances it is the duty of the courts to make such adjustments as may be necessary to reach an equitable division of the property, taking into consideration the factors established in T.C.A. § 36–4–121(c), which our General Assembly has provided for guidance.

T.C.A. § 36–4–121(c) sets forth the factors to be considered in making a division of the marital estate. They include:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contributions by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled his or her role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

All the factors enumerated above do not apply in each case. In this instance, there was no separate property; neither party at the time of the marriage had an estate; and the parties conceded at oral argument that there were no real tax consequences. With regard to the duration of the marriage, the age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties are relatively equal. Likewise, the difference between the relative ability of each party for future acquisitions of capital assets and income is negligible.

Under the facts as found, the tangible or intangible contributions by one party to the education, training or increased earning power of the other party and the contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent are the most important items for consideration in making a division of the marital property.

■■■ The trial court recited in its memorandum opinion that it was guided by T.C.A. § 36–4–121. It is well-settled that trial courts have broad discretion in dividing marital estates, and their decisions are afforded great weight on appeal. *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn.1983); *Harrington v. Harrington*, 798 S.W.2d 244, 245 (Tenn.App.1990). A trial court's division of property need not be equal to be equitable. *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. App.1988). As a general matter, courts will evaluate the fairness of a property division by its final results. *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn.App.1990).

■■■ With regard to the division of the marital assets in this case, the trial court made the following findings of fact:

The parties were married in 1980. Both parties are in their late 30's and appear to be in relatively good physical and mental health. Each party holds a professional license to practice in the State of Tennessee. Mrs. Bookout is a licensed registered physical therapist and Dr. Bookout is a licensed dentist. Both parties attended school for their professional training during the marriage. Each party has demonstrated the capacity to earn a substantial income. Dr. Bookout continues to show an increase in his earning capacity since he has returned to working four days a week and Mrs. Bookout has experienced some decrease in earnings over the past year. However, Mrs. Bookout's earnings are substantial. The parties during their marriage have accumulated an estate in excess of one and one half million dollars after subtracting all liabilities. Both parties have demonstrated a relatively strong abil-

ity to provide for themselves and to acquire future assets. In the course of obtaining their professional training, Dr. Bookout's parents provided a house in which the parties lived and paid his tuition. Mrs. Bookout worked during this period, paid her own tuition, and provided support for the family during that time. The parties returned to Chattanooga in 1985 and began to practice their professions. Dr. Bookout established his dental practice at a location owned by his parents while Mrs. Bookout worked for someone else in her field of expertise. Later, Mrs. Bookout established her own professional practice in her husband's dental building. She later financed an expansion of this building to house her present professional practice. Since about 1985 the record indicates Mrs. Bookout has contributed approximately 82% of the income to the marital relationship. Dr. Bookout first worked five or six days per week in his dental practice, gradually scaling it down to three days per week in the year or two prior to the parties' separation. Mrs. Bookout gave birth to the parties' first child in 1990, and their second child in 1992. She became the parties primary care giver to their children as well as serving as a homemaker. The parties did pay to have a helper in the home for Mrs. Bookout. The record indicates Dr. Bookout enjoyed his "leisure time" and this "leisure time" contributed to the parties' ultimate separation.

After making these findings of fact, the court stated it was giving due consideration to the facts set forth in the holding in *Batson v. Batson*, supra. The court did not unequivocally make known the statutory factors he found central to his division of the marital estate.

As we have noted above, T.C.A. § 36–4–121(c)(3), (5), and perhaps (10) are the factors that perhaps should be given the most weight in making a division of property in this case. We believe these subsections weigh more heavily in favor of the wife, Mrs. Bookout. She clearly made a contribution to the education, training and increased earning power of her husband by working and providing support for the family while both were in school. The husband was not employed while he was in school. Secondly, the wife's contribution to the acquisition of the marital property was much greater (82%) than that of the husband. Not only was her income greater ($250,000 to $300,000 per year versus $75,000.00 to $100,000 per year), she was also the homemaker and primary care giver to the children, did more, and contributed more through longer working hours than the husband.[1]

The husband argues that while the court considered the wife's contribution to the marriage, it failed to consider his contributions, and instead, penalized him for fault in the breakup of the marriage. He correctly points out that fault is not to be considered in the division of the marital property. *See* T.C.A. § 36–4–121(a)(1). We find these contentions to be without merit. Clearly the court considered and compared the respective contributions made by each party. As to the assertions of penalizing the husband, the appellant apparently relies on the court's statement that "the record indicates Dr. Bookout enjoyed his 'leisure time' and this 'leisure time' contributed to the parties' ultimate separation." Taken out of context, the statement by the court could conceivably be construed as an assignment of fault. The statement is made, however, not to assign fault but to draw a comparison between the wife's contributions as a homemaker and primary care giver to that of the husband. We find nothing in the record to support the argument that the husband was penalized for fault in the breakup of the marriage.

The husband also complains that he contributed to the wife's physical therapy practice and that she did not contribute to his dental practice. There is evidence in the record indicating that he did assist his wife in her business. The court found that each party should be awarded their respective professional practices "since neither appeared to have substantially contributed to the establishment of those respective values." This finding by the court is tantamount to a

---

1. It should be remembered that no one factor is stronger, as a matter of law than another. The weight to be given each statutory factor must be decided on a case by case basis.

finding that the contributions of the husband to the wife's professional practice, if any, were negligible. We do not disagree with this finding. The wife does not claim to have contributed to the husband's dental practice.

The husband argues that his parents contributed much to the parties' marital property and concludes that "[i]f not for Dr. Bookout, Mrs. Bookout would not have benefited from the contributions of the Bookout family." We have no serious disagreement with the conclusion reached by Dr. Bookout. The record does not support a finding, however, that the contributions of the Bookout family to the marital estate was anything more than gifts to both Dr. and Mrs. Bookout. We find no merit in this argument.

Further, the husband argues, his family contributed to the success of the wife's professional practice by providing the building in which her facilities were located at no charge to her. It is true that Dr. Bookout's parents leased a building to the wife for a period of five years with five successive options of five years each to renew the lease. The lease did not require rental payments as such but required the wife, the sole tenant under the lease agreement, to pay the costs incurred by the lessors for insurance and taxes. Additionally, she is required to do all maintenance and upkeep of the property. It cannot, therefore, be said that the facilities were furnished at no charge to her. In any event, the value of the lease may properly be considered as a gift to the parties and a part of the marital estate. Additionally, Mrs. Bookout made capital improvements to the building, which she was permitted to do under the lease. The lessors were under no obligation to pay for the improvements to the buildings but were, under the terms of the lease, granted a "privilege" to pay the wife for her investment. Further, as the trial court noted, the wife has renounced any claim to be paid which she might have against the husband's parents.[2]

■ The court awarded the parties' home and most of the furnishings to the wife. The court valued the home (real estate) at $405,000.00. It appears from the record that the court was considering the needs of the wife in maintaining the family household for herself and the children. The child support guidelines, in establishing the amount of child support, take into consideration the obligation of the non-custodial parent to contribute to the maintenance of the family household for the benefit of the children. Thus to order child support as contemplated by the guidelines and further make an award to the custodial parent of property consisting of that which is subsumed by the guidelines amounts to an improper award.

Under such circumstances, we feel it necessary to modify the judgment of the trial court to reach a more equitable result. We feel that equity can be achieved by adjusting the assets awarded to the husband to reflect an additional award to him in an amount approximately equal to the value of one-half of the full value of the home (real estate), which was established by the court at $405,000.00. It appears that this result may be reached by awarding the municipal bonds valued at $177,297.00 to the husband rather than the wife and awarding the husband $25,000.00 in cash.

We therefore modify the judgment of the trial court to provide that the husband rather than the wife shall be awarded the municipal bonds which were awarded to the wife in the final judgment and valued at $177,297.00. In the event that any of the bonds have matured, been reduced to cash, or otherwise disposed of, the husband is awarded the remaining bonds, if any, plus cash, payable immediately, in an amount equal to the difference between the value of the bonds at the time of the court's judgment and the value of the remaining bonds, if any, and $177,297.00 the value previously placed thereon by the court. In addition, the husband is awarded cash in the amount of $25,000.00. Cash payments may be made from any source that the wife may elect. It is our intention that the portion of the marital estate awarded to the

---

**2.** The provision in the lease which gave rise to this discussion is as follows:

... In the event Pamela Bookout shall separate from her husband, Joe Frank Bookout, by divorce, then Lessors shall have the privilege to pay to Pamela Bookout her investment in said property, less depreciation at the time of said purchase.

husband be increased by $202,297.00 as of the date of final judgment rendered by the trial court. We affirm the judgment of the trial court as modified.

We remand this case to the trial court for entry of a judgment consistent with this opinion. Costs are taxed equally between the parties.

GODDARD, P.J., and FRANKS, J., concur.