**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

**FILED**

**May 21, 1999**

**Cecil Crowson, Jr.**
**Appellate Court**
**Clerk**

| | |
|---|---|
| RUBYE WYRICK CRESWELL, | ) C/A NO. 03A01-9804-CH-00151 |
| | ) |
| Plaintiff-Appellee, | ) KNOX CHANCERY |
| | ) |
| v. | ) HON. H. DAVID CATE, |
| | ) CHANCELLOR |
| JOHN E. CRESWELL, | ) |
| | ) AFFIRMED AND |
| Defendant-Appellant. | ) REMANDED |

JOHN P. VALLIANT, JR., and PAUL HENSLEY, Knoxville, for Plaintiff-Appellee.


SARAH Y. SHEPPEARD and JASON H. LONG, SHEPPEARD & SWANSON, P.L.C., Knoxville, for Defendant-Appellant.


**O P I N I O N**


Franks, J.


In this divorce action both parties appeal the distribution of the marital property ordered by the Trial Judge, raising issues as to the classification, valuation and equitable distribution of the properties owned by the parties at the time of the divorce.

The parties were married on April 4, 1959, and no children were born of the marriage, although the husband had three daughters from a prior marriage.

In making the property division, the Trial Court said that he was taking into account the property which the parties said they brought into the marriage as separate property, as well as other relevant factors in Tennessee Code Annotated Section 36-4-121(c). The Court adopted the wife's values on the real property, because they were corroborated by an appraiser, and also adopted her values on the vehicles, because they were substantiated by the NAPA car value guide. The court placed no value on two tax shelter partnerships, Capital Housing Partners and Strauss Greenberg, because as long as the property is not sold it would not have any negative tax liability. The court also calculated the present value of the wife's life estate in an irrevocable trust to be approximately $160,000.00, but conceded that this is not an exact calculation due to potential variables. The Court's distribution of the marital estate, by the Court's evaluation, awarded $868,545.82 to the wife and $1,318,376.50 to the husband. Of the total marital estate of $2,004,922.32, the wife received 34% of the marital assets, while the husband received 66%. Taking into consideration the award of alimony in solido in the amount of $200,000.00, the wife would receive 44% of the marital estate, which the Trial Court stated is what he intended in making the property division equitable.

The case was tried before the Court without a jury, and our standard of review is *de novo* upon the record of the Trial Court, accompanied by a presumption of correctness of its findings, unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d). *Bookout v. Bookout*, 954 S.W.2d 730, 731 (Tenn. App. 1997). Trial courts are given a great deal of discretion in division of marital property, and the divisions made are entitled to great weight in the appellate courts. *See Ford v. Ford*, 952 S.W.2d 824, 826 (Tenn. App. 1996).

First, the husband argued that the Trial Court's award of alimony in solido lacks any legal basis. While the Trial Court designated the award as alimony in

solido, it is clear that the court intended to utilize the award as a vehicle to arrive at an equitable distribution of the marital estate. The Trial Court listed the cash amount as a part of the division of the marital estate, and stated in his Order on All Pending Motions that the "court believes that its distribution of the marital estate was fair and equitable. The plaintiff received approximately 44% of the marital estate and the defendant received approximately 56% of the marital estate." This result can only be reached by including the cash award to the wife in the division of the marital estate, which resulted in a division of marital property which the Court found to be equitable. We find the husband's contention to be without merit.

The husband argues that he began Creswell & Company with $50,000.00 worth of assets that he owned prior to the marriage, and that the proceeds from the sale of the company, and the property purchased with those proceeds, constitute separate property, which the Trial Court treated as marital property. The evidence does not preponderate against the Trial Judge's findings. T.R.A.P. Rule 13(d). In this connection, the Trial Judge adopted the wife's value of the irrevocable trust, which included the $50,000.00 which the husband claimed was separate property. Thus, the Trial Court concluded the property was a marital asset. In an Order, the Trial Judge noted that the husband's testimony on when he acquired the stock "was not very positive". Though the husband testified he owned the stock prior to the marriage, the wife testified that he did not own any stock when they married. The wife further produced the husband's prior Divorce Decree, entered less than two months before the parties were married which disposed of most of the marital property in the prior marriage, but made no mention of any stock ownership. The credibility of the witnesses is resolved by the Trial Court, and we uphold the Trial Judge's finding on this issue.

The evidence shows that the parties held substantial investments in their

own names, and the husband insists that the parties kept their assets separate, and intended to keep their property separate. The determination of separate property is a question of fact, and we conclude the evidence does not preponderate against the Trial Court's determination that all of such property was marital. This finding is buttressed by the fact that the husband did not claim these assets as separate property in his proposed property division.

Next, the husband argues the Trial Court erred in valuing the irrevocable trust at $160,000.00. The value of a marital asset is a question of fact, and a Trial Court's decision on the value of a marital asset is given great weight on appeal. *Wallace v. Wallace*, 733 S.W.2d 102, 107 (Tenn. App. 1987). We conclude the evidence does not preponderate against the Trial Court's determination of the value. Neither party presented evidence of the present value, the wife's life expectancy, or the proper interest rate that should be used in calculating the value. The husband argues in his brief that the trust should be treated as an annuity. Using tables found in Tennessee Code Annotated, the husband determined the wife's life expectancy to be 20.31 years. Using Annuity Table IX, the husband then calculated the present value of an annuity producing $23,400.00 per year for 20 years at 6% to be $268,395.66, which he claims is the proper present value of the trust.

The husband, however, used the wrong table in his calculation. Table IX calculates the value of an annuity for a certain number of years. The trust is contingent upon the wife's life, so it should not be treated as an annuity for a specific number of years. In the Explanation of Use to the Annuity and Valuation Tables, the Code states, "To find the present value of an annuity based on the life of a person from the following tables multiply the yearly payment by the number found opposite the present age of the person upon whose life the annuity is based in the column for the applicable percent." T.C.A. Tables p. 1035 (1995). Using this method and the

4

various tables following, the present value of the trust at 6% ranges from $150,064.20 to $208,049.40, depending upon the table used. Due to lack of specific evidence of the value at trial, the present value of the trust according to the annuity tables, and the presumption of correctness of the Trial Judge's determination, it cannot be said the evidence preponderates against the valuation of the trust at $160,000.00.

The husband also claims that the Trial Court erroneously valued two tax shelters, Capital Housing Partners and Strauss Greenberg. The Trial Court recognized the husband's assertion that these assets have a negative value because of tax liability if sold, but stated, "as long as the interests are not sold they do not result in any tax liability" and assigned no value to the tax shelters and awarded them to the husband. The husband insists that if the properties were sold the tax liability would be significant. A certified public accountant, testified that the two entities have a negative equity because of the tax consequences, and he recommends that people do not sell such entities.

While the entities may have tax a liability, if sold, there was no evidence that they hold any other value. They may be subject to income tax if they earn money, but there was no evidence presented on precisely how that should effect their value. Since there is no negative impact if the entities are not sold, and no evidence of how any possible income would effect their value, the evidence does not preponderate against the Trial Court's determination.

The wife argues that the Trial Judge erred in failing to award her an equitable division of the corpus of two trusts in the marital estate. In this connection marital property must be valued "as of a date as near as reasonably possible to the final divorce hearing date." T.C.A. §36-4-121(b)(1)(A) (1996). One trust was an irrevocable trust for the benefit of Rubye Creswell, which contained over $400,000.00 in assets, but which the Trial Court valued at $160,000.00 because it was only worth

its income stream to the parties. The other trust was an revocable trust for the benefit of the husband, which the Court valued at $631,324.37. This was the value of the assets in the trust. The Court concluded that it was worth the amount of the assets instead of the income stream, because the husband could terminate the trust at any time and receive the assets at their value.

Both trusts were funded with marital assets, and both trusts were created before the divorce petition was filed. The evidence does not preponderate against the Trial Judge's valuation. The wife may not have liked the terms of the trust, but she did stop its execution, and the value of the marital asset was reduced by the creation of the trust so that at the time of trial the Court properly assigned the assets a present value and utilized those values in making distribution of the marital estate.

The wife insists the husband improperly dissipated the marital estate by making gifts in violation of the Order of the Court in the amount of $85,300.00. While the evidence shows that the husband made $86,000.00 in gifts to his children and grandchildren after the Order was issued, which prevented him from disposing of marital assets, these gifts did not render the property division of the marital estate inequitable on this record.

These gifts did come from marital property that had not yet been valued and divided by the Court, but in his finding of fact the Trial Judge stated, "Over the course of the marriage the parties have made gifts to their family members. The plaintiff gifting approximately $92,500.00 and the defendant gifting approximately $115,000.00 to his daughters, in addition to the stock. He also made gifts to the grandchildren which now total, including the income, $183,000.00." The wife advised the Court in her testimony that she wanted the Court to take into account the gifts given by each party in the distribution of the marital property. Since she did not insist upon an amount of dissipation, and since the Trial Court did find and consider

6

that both parties gave substantial gifts to the family in arriving at the property division, we find no error.

Finally, the husband argues that the parties had disposed of their assets through a contract before the divorce, and the Court should enforce that contract. He asserts that the parties had an oral agreement in which the husband would create an irrevocable trust for the wife's benefit, in exchange for her signing over her interest in other property to him alone. The Trial Court, after hearing this testimony, refused to enforce this alleged contract, and held "there was insufficient mutual assent to form the contract the defendant seeks to enforce." The Court then pointed out that the wife understood that the trust assets would be hers and would not pass to his children, and that she would not have to convey any property, while the husband understood just the opposite. Accordingly, we hold there was no meeting of the minds.

Due to the conflicting testimony of the parties as to whether a contract existed, and if it did, as to what the terms of the contract were, the Trial Court appropriately determined that the evidence did not establish an enforceable contract. *See Sweeten v. Trade Envelopes, Inc.*, 938 S.W.2d 383 (Tenn. 1996).

While both parties insist that the division of marital property was not equitable, the evidence does not preponderate against the division made by the Trial Court. In viewing the evidence and the factors set forth in T.C.A. §36-4-121(c), the factors are either irrelevant or tend to favor a near equal division of the marital estate. While an equal division of the marital estate could have been appropriate in this case, we hold the division reached by the Trial Court is an equitable distribution.

Accordingly, we affirm the judgment of the Trial Court and remand with the cost of the appeal assessed one-half to each party.

———

7

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
William H. Inman, Sr.J.