IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 7, 2000 Session

## NINA M. NOEL v. HAROLD DON NOEL

**An Appeal from the Chancery Court for Shelby County**
**No. D26494-3     D.J. Alissandratos, Chancellor**

---

### No. W1999-02343-COA-R3-CV - Filed April 23, 2001

---

This is a divorce case. The trial court granted the husband the divorce but ordered him to pay, *inter alia*, $8000 in child support arrearage, half of the wages owed to the former employees of the wife's new business, and court costs. The husband appealed. We reverse the trial court's holding that the husband should pay half of the wages of the wife's new business, since this is the wife's separate debt incurred after the parties separated, and affirm the remainder of the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed in Part and Reversed in Part.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Darryl W. Humphrey, Memphis, Tennessee, for the appellant, Harold Don Noel.

Rita L. Stotts, Memphis, Tennessee, for the appellee, Nina M. Noel.

### OPINION

Plaintiff/Appellee Nina M. Noel ("Wife") and Defendant/Appellant Harold Don Noel ("Husband") were married in 1983 and have one minor child, Christie, born in 1984. During the marriage, the parties accumulated various parcels of real estate, several of which were rental properties. They also operated a janitorial service, Care Systems Maintenance Contractor ("Care Systems"), which was started by Husband prior to the parties' marriage. Wife was mainly responsible for the daily operation of the business office, and Husband provided the maintenance, upkeep, improvements, and management of the rental properties. The parties separated in August 1995. Three months later, Wife filed a complaint for divorce. The parties' daughter, Christie, continued to reside with Wife. Husband agreed to pay approximately $300 per month in child support. Husband later filed an answer and counter-complaint for divorce.

After the parties separated, Wife began a competing janitorial business, A & N Maintenance. Wife's new business continued to provide cleaning service to one of Care System's customers, billing the customer under the name of her new business. When Husband learned of Wife's competing cleaning service, and the fact that she was providing service to one of his former customers, Husband attempted to collect fees from the customer for the services rendered. Husband later conceded that he had no claim on the payment and that the cleaning contract belonged to Wife. However, due to the confusion, the customer placed the money owed into escrow and was later ordered to pay it into court.

In his counter-complaint for divorce, Husband asked, *inter alia*, that Wife be enjoined from removing, disbursing, or transferring funds from their business and joint bank accounts and from removing, disbursing, or transferring funds from her new business's accounts. The trial court granted Husband the requested injunction. It also ordered Wife to provide an accounting of the amount she had taken from all the relevant bank accounts subsequent to the separation and of any amount she had charged on the parties' credit cards subsequent to the parties' separation.

Wife failed to provide the required accountings. Consequently, the trial court found Wife in contempt of its orders. The trial court sanctioned Wife by dismissing her complaint for divorce, granting Husband a divorce by default judgment, and restricting the amount of and manner in which she could present witnesses in the subsequent proceedings regarding the division of marital property. The trial court appointed a guardian ad litem to represent Christie's interests and ordered each of the parties to deposit $750 with the court for the guardian ad litem's fees. The court also awarded to Husband the funds being held by the Chancery Court Clerk in connection with the payment dispute. However, it ordered that a portion of the funds be paid to Husband's attorney as attorney's fees, that a portion be paid for court reporter fees, and that any remaining funds be used to pay both parties' shares of the guardian ad litem's fee. Any remaining funds were awarded to Husband as marital property.

At trial, Husband and Wife presented evidence as to the value of their various properties and their relative roles in the management and daily operation of their assorted business ventures. Husband admitted that he had not consistently made the agreed child support payments. He produced canceled checks showing payment for some months. However, the majority of these checks were in an amount less than the amount to which the parties had agreed, and some checks were made out to the parties' daughter rather than to Wife. Husband had denoted on each of the checks that it was for child support.

The final divorce decree was entered on May 20, 1996. The trial court granted Husband a divorce on the grounds of inappropriate marital conduct. Custody of Christie was awarded to Wife,[1] with supervised visitation to Husband. Husband was ordered to pay future child support by wage assignment in the amount of $325 per month. The trial court found that Husband owed an $8000

---

[1]Apparently, there was no dispute that Wife would retain custody of Christie.

arrearage in child support, plus 12% interest, representing $325 per month since the date of the parties' separation in August 1995 through the hearing in April 1998. The trial court awarded Wife nine of the parties' twelve jointly owned properties. It granted Care Systems to Husband as his sole property, and awarded Wife her new cleaning service as her sole property. The trial court ordered Husband to pay all the court costs and the remainder of the guardian ad litem fee. The trial court also ordered Husband to pay half of the wages of the former employees of Wife's new cleaning service. Husband subsequently filed a motion for a new trial or in the alternative to alter, amend, or vacate the judgment, which was denied. Husband now appeals.

Our review of this case is *de novo* upon the record with a presumption of correctness in the trial court's findings of fact, unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d). We review the trial court's award of court costs for an abuse of discretion. *See Long v. Long*, 957 S.W.2d 825, 833-34 (Tenn. App. 1997).

On appeal, Husband first argues that the trial court erred in finding that he was $8000 in arrears on his child support obligation. He contends that the trial court miscalculated the amount of arrearage he owed, considering the child support payments he made after the parties' separation and the fact that his monthly income fluctuated during the period of the separation. However, the trial court's calculation of Husband's child support arrearage was based on Husband's proffered evidence as to the amount of his monthly income and payments of child support. The record does not indicate that Husband's monthly income fluctuated or that his child support obligation should have been decreased at any point during the relevant period. Consequently, the trial court's decision on this issue is affirmed.

Husband next argues that the division of the marital property was inequitable, in view of the duration of the marriage, and the relative ages, employability, and earning capacity of the parties. He contends that the property should have been divided more equally. However, an equitable division of the marital property need not be an equal division of the property. *See Bookout v. Bookout*, 954 S.W.2d 730, 731 (Tenn. Ct. App. 1997). A trial court is afforded wide discretion when dividing the marital property, and its distribution will be given "great weight" on appeal. *See Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. Ct. App. 1997). Based on our review of the record, the evidence does not preponderate against the trial court's distribution of property. The trial court's decision on this issue is affirmed.

Husband argues next that the trial court erred in holding that the funds previously held on deposit with the court and subsequently awarded to Husband should be treated as alimony for tax purposes. In its order, the trial court specifically delineated the manner in which the funds should be distributed. A majority of the funds were to go to Husband's attorney in the form of attorney's fees, next the funds were to be used to pay Husband's portion of the guardian ad litem's retainer fee, next to pay Wife's portion of the guardian ad litem's retainer fee, with any remaining funds to be deemed an award of marital property to Husband. In that the majority of the funds would normally have gone to Wife as payment to her cleaning service, but were instead used for Husband's

attorney's fees, the trial court's determination that they should be treated as alimony for tax purposes was not in error. **See Fordi**, 952 S.W.2d at 830. The decision of the trial court on this issue is affirmed.

Husband further contends that the trial court erred in ordering him to pay half of the wages of the employees of Wife's business. He maintains that he had no connection with Wife's new cleaning service and that Wife was solely responsible for securing the cleaning contract and for hiring and paying the employees used. He argues that he should not be responsible for a debt she incurred separately. Wife counters that the trial court was not in error because she was unable to pay the employees because the injunction obtained by Husband prevented her from removing funds from her business's accounts and paying the employees.

Tennessee courts distinguish between marital and separate debts. **Mondelli v. Howard**, 780 S.W.2d 769, 773 (Tenn. Ct. App. 1989). When dividing marital debt, the court should consider which party incurred the debt and the purpose of the debt, which party benefitted from the debt, and which party is best able to assume and repay the debt. **Id.** (citations omitted). When possible, the debt should follow the asset. **Id.** In this case, the debt at issue was incurred by Wife's cleaning service. The employees to whom the wages were owed worked for Wife's cleaning service and the wages stemmed from work performed for Wife's cleaning service. The injunction of which Wife complains occurred after the debt was incurred by Wife. Under these circumstances, we find that the trial court erred in requiring Husband to pay half of the wages of employees of Wife's business. The decision of the trial court is reversed on this issue.

Last, Husband contends that the trial court erred in ordering him to pay all court costs and the balance of the guardian ad litem's fees. The trial court is afforded discretion in taxing and assessing costs. **Long**, 957 S.W.2d at 833-34 (Tenn. App. 1997). On appeal, the trial court's decision to award costs will be reversed if the trial court abused that discretion. **Id.** We find no abuse of discretion in the trial court's order that Husband pay court costs and the balance of the guardian ad litem's fee.

In sum, we affirm the trial court's findings that Husband was $8000 in arrears on his child support obligation, the trial court's division of marital property, the trial court's determination that the released funds be considered as alimony for tax purposes, and the trial court's order that Husband pay all court costs and the balance of the guardian ad litem's fee. We reverse the trial court's finding that Husband be responsible for half of the wages owed to Wife's former employees.

The decision of the trial court is affirmed in part and reversed in part, as set forth above. Costs are taxed to the appellant, Harold Don Noel, and his surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE