IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 10, 2001 Session

## THOMAS R. STUBBLEFIELD v. MONIQUE RUTH STUBBLEFIELD

**Direct Appeal from the General Sessions Court for Blount County**
**No. S-5758      Hon. William R. Brewer, Judge**

**FILED FEBRUARY 1, 2002**

**No. E2001-01433-COA-R3-CV**

Husband appeals the Trial Court's allocation of the parties' marital estate in this divorce action. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the General Sessions Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., William H. Inman, Sr.J., joined.

R. D. Hash, Maryville, Tennessee, for Appellant.

Louis Andrew McElroy, II, Knoxville, Tennessee, for Appellee.

**OPINION**

The issues raised on appeal involve the division of the marital estate only.[1]  On appeal, the husband insists the Trial Court erred in awarding the wife part of his retirement, and requiring him to pay health insurance premiums until she became eligible for Medicare. Also, he asserts the overall division of marital property is inequitable.

The parties were married in 1964, but have been separated since 1978. Two children, now adults, were born to the marriage, and the husband now aged 74 retired from the military in

---

[1]The husband/appellant has not complied with Rule 15 of the Rules of Court of Appeals, requiring an orderly tabulation of marital property when at issue. The appellate brief contains four citations in the table of authority which are not applied in the argument.

1971. The wife is 63 years old and the grounds for divorce were stipulated.

The wife emigrated from Germany in 1965, shortly after the marriage, speaking very limited English. She left the marital home in 1978 with one suitcase. She left two children behind, ages 10 and 11, because husband had threatened her and told her she had no rights. She testified that she lived in poverty several years and was eligible for food stamps. One daughter testified the wife would return to the home approximately every week and would cook and clean for them, and otherwise assist in their support as she was able. Eventually, she was able to have the children visit, as her living conditions improved.

During their prolonged separation, the wife received no money from the husband, except $3.50 for gas on one occasion. Eight years post-separation, wife received a personal injury settlement, out of which she paid the husband 10% or $4,000.00, upon his demand. Because of her poor and rapidly declining health, she is virtually uninsurable, but she has heretofore been covered by her husband's government insurance for which he is not charged.

The Trial Court, in its Memorandum Opinion, valued the marital estate at $96,125.36. The wife retained possessions with a net equity value of $18,645.02. The Court found that the equitable division of the assets required that the allocation be approximately equal, and awarded wife $30,000.00 cash, secured by a lien on two parcels of real property. Because of the long separation and separate lifestyles, the Court did not award alimony, with the single exception of health insurance premiums. The Court found the wife would have to leave her employment at a beauty salon, due to failing health, and ordered husband to pay COBRA payments to insure wife until she qualifies for Medicare, which is less than two years. The average cost of this coverage is $314.00 per month.

The Court's Amended Opinion addressed the division of retirement income. Husband's pension was specifically held to be marital property, and the Court's Opinion adopted the husband's "Memorandum of Facts Regarding Plaintiff's Retirement Account" and awarded 15% of husband's benefit to the wife, which equals $234.85 per month.

Our review of the Trial Court's finding of fact is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. Rule 13(d). Trial courts have wide latitude to adjust and adjudicate an equitable division of marital property, guided by the factors in Tenn. Code Ann. §36-4-121(c). *Also see Bookout v. Bookout*, 954 S.W.2d 730 (Tenn. Ct. App. 1997); *Brown v. Brown*, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994); *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn. 1983).

It is appropriate to award one spouse the cash equivalent from their share of a business or real estate retained by the other spouse, to achieve an equitable distribution of property. *Loyd v. Loyd*, 860 S.W.2d 409, 412 (Tenn. Ct. App. 1993).

Retirement benefits, including military retirement, are marital property and subject to the same consideration as other property for equitable division. They need not be mathematically

precise, but should reflect essential fairness in light of facts. *Kinard v. Kinard*, 986 S.W.2d 155, 159 (Tenn. Ct. App. 1995). The proportion of the pension to which the spouse is entitled is calculated based upon the number of years of service credit earned during the period of the marriage. *Kendrick v. Kendrick*, 902 S.W.2d 918, 926 (Tenn. Ct. App. 1994). *Also see Cohen v. Cohen*, 937 S.W.2d 823 (Tenn. 1996). We find no abuse of discretion in the Trial Court's Judgment in its balancing of the equities between the parties. Wife paid no child support during the children's minority, but did provide services and financial help, and the husband bought and maintained two homes, one is now debt free with funds he admits are marital, but he did not share any of the approximately $20,000.00 in rent collected from one of the properties.

The record also establishes that the husband did have cash and income, but refused to financially help his wife when she was in dire circumstances. The insurance coverage provided the wife during the marriage was at no cost to the husband. As to further health insurance, the wife has clearly demonstrated a need, and the husband has the ability to pay. We find no abuse of discretion in the division of the marital assets and the requirement that the husband maintain health coverage until the wife reaches eligibility for Medicare.

Finally, the husband argues the wife should pay taxes on the monthly payments she receives from his pension. That figure is based upon the months of the marriage during the husband's active duty in proportion to the number of months he accrued benefits. It is somewhat disingenuous if the husband objects to the Court's determination, since this is the figure the husband himself proposed in his "Memorandum of Facts Regarding Plaintiff's Retirement Account", which the Court adopted. The counsel for wife asserts that whether the government could pay the wife directly via a QDRO is outside this record. The Court's amended Memorandum Opinion provided that if a QDRO was not available, then the husband is to make the payment directly to the wife. Nothing in the record indicates that the husband objected to the language of the Final Decree which awards the wife $234.85 per month, plus 15% of any future increase in benefits.

This issue, we conclude, is without merit, and the Judgment of the Trial Court is affirmed. The cause is remanded with the cost of the appeal assessed to the appellant, Thomas R. Stubblefield.

_____
HERSCHEL PICKENS FRANKS, J.