IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 24, 2003 Session

## MARY NELL JONES SACCOMANNO v. MELVIN FRANK SACCOMANNO

**A Direct Appeal from the General Sessions Court for Hardin County**
**No. 5196     The Honorable Daniel L. Smith, Judge**

_____

**No. W2002-01267-COA-R3-CV - Filed May 28, 2003**

_____

This is an appeal from a Final Order, granting the parties a divorce and dividing the marital property. Wife appeals and asserts that the division of marital property is inequitable. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the General Sessions Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Chadwick G. Hunt, Savannah, For Appellant, Mary Nell Jones Saccomanno

Mary Jo Middlebrooks and Betty Stafford Scott, Jackson, For Appellee, Melvin Frank Saccomanno

**MEMORANDUM OPINION**[1]

Mary Nell Jones Saccomanno ("Ms. Saccomanno," "Wife," "Plaintiff," or "Appellant") and Melvin Frank Saccomanno ("Mr. Saccomanno," "Husband," "Defendant," or "Appellee") were married on December 2, 2000. Prior to their marriage, the parties had lived together on and off since 1993. Seven months after their marriage, on July 30, 2001, Ms. Saccomanno filed a Complaint for Divorce, alleging grounds of inappropriate marital conduct and irreconcilable differences. The Complaint for Divorce specified the following as marital property subject to division by the court: home and real property located at 255 Yeager Lane, Counce, Tennessee,

---

[1] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

12,500 shares of stock, 2000 Toyota Celica, 1994 Nissan 4x4 pick-up truck, 1993 Nissan Sentra, three (3) desktop computers, three (3) laptop computers, three (3) computer desks, as well as the normal accumulation of household furniture, appliances, and other items of marital property. On September 1, 2001, Mr. Saccomanno filed an Answer and Counterclaim,[2] wherein he made the following admissions and allegations:

> ...[T]he 12,500 shares of stock do not exist. There are only 2,500 shares of stock. Also, the home located at 255 Yeager Lane, Counce, Tennessee was owned by the Defendant prior to the marriage; the 1993 Nissan Sentra is owned solely by the Plaintiff; and there was only one (1) laptop computer purchased during the marriage. The other laptop computers and computer desks were owned by the Defendant prior to the marriage.

The matter was heard on January 24, 2002. Following the hearing, the trial court made the following relevant statements from the bench:

> I'm making a finding that the parties have the following marital assets and values: There's a 2000 Toyota Celica valued at $13,650. These include the tires; in addition, there's a 1994 Nissan valued at $1,615; there's a note payable from a Greg Jones of $2,000; there's an Ameritrade account valued at $176.85; there's a whirlpool tub $500; washing machine of 90; security cameras with monitors at 75; DVD player 75; plus there is another computer that was purchased during the marriage that's valued at $400.
>
> Basically I'm going to divide the property in this way...taking into consideration all the factors in Tennessee Code Annotated 36-4-121, Section C.... [T]he plaintiff in this case will be awarded the car of $13,650, plus that would include the tires that were–that are on the car that are enumerated on Exhibit 3.
>
> Mr. Saccomanno will receive the remaining assets that we have here. He will also–as far as the assets on Exhibit 3, there will be a–I'm not awarding any monetary amount. I will authorize any type of execution or garnishment to obtain those items. I'm going to declare they are separate assets, and he can take whatever steps necessary to collect those items; that she would owe him if he's unable to get those items, except for the tires.[3] The tires go with the car.

---

[2] Mr. Saccomanno's Counterclaim also alleged grounds of inappropriate marital conduct and irreconcilable differences. The Counterclaim included a request that the Judge make a just and equitable property settlement.

[3] Exhibit 3 lists property in Plaintiff's possession as follows: radar detector, steam carpet cleaner, set of four tires (which were awarded to Plaintiff), and two cellular phones.

              *                          *                          *

> I understand in making my ruling going through the factors that the division of marital assets is probably unequal in value, but yet I've taken into consideration all the other factors in there and feel like that is an equitable division of the property.

The court issued its Final Order on April 29, 2002, which reads, in pertinent part, as follows:

> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by the Court that:
>
> 1. The parties are hereby awarded a divorce from the other on the grounds of inappropriate marital conduct, and are hereby restored to all the rights and privileges of unmarried persons.
>
> 2. Plaintiff is awarded the 2000 Toyota Celica and set of four tires, and shall pay any indebtedness on the aforementioned items and hold Defendant harmless therefor.
>
> 3. Defendant is awarded the 1994 Nissan pickup, note payable from Greg Jones, Ameritrade Account, whirlpool tub, computer, washing machine, security cameras and monitors, DVD player and disks, radar detector, steam carpet cleaner, and two cellular phones, and shall pay any indebtedness on the aforementioned items and hold Plaintiff harmless therefor for which execution may issue.

Ms. Saccomanno appeals from this Final Order and raises one issue for our review, as stated in her brief: "Whether the trial court erred and abused its discretion in making its division of marital property by awarding almost the entire marital estate to the Appellee husband."

Although there is a presumption that marital property is owned equally, there is no presumption that marital property should be divided equally. ***Bookout v. Bookout***, 954 S.W.2d 730, 731 (Tenn. Ct. App. 1997). Thus, an equitable division of marital property need not be an equal division of the property. ***Id.*** A trial court is afforded wide discretion when dividing the marital property, and its distribution will be given "great weight" on appeal. ***Ford v. Ford***, 952 S.W.2d 824, 825 (Tenn. Ct. App. 1997). Guidelines for the equitable division of marital property are set forth in T.C.A. § 36-4-121(c)(Supp. 2001). That statute provides, in relevant part:

> (c) In making equitable division of marital property, the court shall consider all relevant factors including:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs or each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;

(10) The amount of social security benefits available to each spouse; and

(11) Such other factors as are necessary to consider the equities between the parties.

We note that the Appellant does not dispute the trial court's finding of what assets constituted marital and separate property, but only disputes the equity of the division of the marital property. From our review of the entire record in this case, we find that the evidence does not preponderate against the trial court's findings nor does the evidence indicate that the trial court abused its discretion in making a division of the marital property. In fact, the evidence indicates that Ms. Saccomanno came into the marriage with a 1993 Nissan Sentra and her clothes. She leaves this brief marriage with a 2000 Toyota Celica, replete with a set of new tires. The total valuation of the marital property in this case is approximately $18,881.85. The Toyota Celica and tires amount to $13,950, or 74%, of that total. Although Mr. Saccomanno received a larger number of items in the division, he only received 26% of the total valuation of marital property. Consequently, we find that Ms. Saccomanno has received a very just settlement in this matter.

Accordingly, the trial court's final order is affirmed. Appellee has moved this Court for a finding that this appeal is frivolous and for damages pursuant to T.C.A. § 27-1-122 (2000). Based on the record of this case, we agree that the appeal had no reasonable chance of success. Issues of fact were involved, and there was clearly a preponderance of evidence in favor of the

-4-

trial judge's findings. Therefore, we hold that the appeal is frivolous, and the case is remanded to the trial court for determination of damages pursuant to T.C.A. § 27-1-122 (2000). Costs of the appeal are assessed to the Appellant, Mary Nell Jones Saccomanno, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.