IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On Briefs December 8, 2003

## SHEILA KAY BROWN JONES v. LLOYD KIRK JONES

**A Direct Appeal from the General Sessions  Court for Hardin County**
**No. 5034     The Honorable Daniel L. Smith, Judge**

---

### No. W2003-01676-COA-R3-CV - Filed December 29, 2003

---

This is an appeal from a Final  Order granting the parties a divorce and dividing the marital property.  Wife appeals and asserts that the division of marital property is inequitable.  We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the General Sessions Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Stephanie L. Prentis, Savannah, For Appellant, Sheila Kay Brown Jones

Vance W. Dennis, Savannah, For Appellee, Lloyd Kirk Jones

### MEMORANDUM OPINION[1]

Sheila Kay Brown Jones ("Wife" or "Appellant") and Lloyd Kirk Jones ("Husband" or "Appellee") were married on August 22, 1996.  Wife filed a Complaint For Divorce on September 8, 2000 alleging that Husband had been guilty of inappropriate marital conduct and irreconcilable differences.  The complaint asserts that the parties own a house on 250 Jordan Glen Lane in Savannah, Tennessee.  Wife avers that there should be a fair and equitable division of the parties rights, title and interest in and to their personal property, including their motor vehicles, household furnishings, and other items of personal property accumulated during the marriage.  Wife also prays that the court order Husband to pay the debts of the parties that have occurred during the marriage, including the continued payment of the house mortgage and insurance while the matter is pending.

---

[1] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Husband filed his Answer and Counter-Complaint on September 19th, 2002 denying the allegations of inappropriate marital conduct and admitted that the parties own property located at 250 Jordan Glen Lane in Savannah, Tennessee and stated that this property is encumbered by debt. Husband alleges in his Counter-Complaint that Wife has been guilty of acts of inappropriate marital conduct and that an absolute divorce should be awarded to Husband pursuant to T.C.A. § 36-4-101(11). Husband also alleges irreconcilable differences. Husband also asks the court to adjudicate to each party the respective responsibility for payment and discharge of the encumbered debt on the real property owned by the parties and that the court make an equitable distribution of the other personal property acquired during the marriage.

A hearing was held on March 6, 2003, after which the court took the case under advisement. On June 10, 2003, a Statement of the Case was filed finding ownership of the parties separate property which included a "camper." Both parties state in their briefs that neither owns or has owned a camper and it is believed that this was a typographical error made by the court by stating "camper" instead of "Corsica," the automobile owned by Wife prior to the marriage of the parties.

A Final Order was entered on July 3, 2003, and states in pertinent part:

> This cause came to be heard on the 6th day of March, 2003, before the Honorable Daniel L. Smith, Judge for the General Sessions Court of Hardin County, Tennessee, upon the Complaint for Divorce filed by Plaintiff, the Answer and Counter-Complaint filed by Defendant, the Answer to Counter-Complaint filed by Plaintiff, the oral testimony of witnesses who appeared and were examined in open court, statements by counsel, and upon the entire record in the cause.
>
> The Court heard all matters involved in the case and ruled on the same.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by the Court that:
>
> *        *        *
>
> 5. The mobile home, which was owned by Defendant prior to the marriage, is hereby declared to be marital property due to the improvements made to the same by Plaintiff and the transfer of the title to her name.
>
> 6. The parties are awarded the following marital property, listed with its value, pursuant to T.C.A. § 36-4-121 and determined by the Court to be an equitable division, and shall pay any indebtedness on the same and hold the other harmless therefor.

## Marital Assets

| Asset | Value | Plaintiff | Defendant |
|---|---|---|---|
| 1. Mobile home | $(no value given) | X | |
| 2. House and real estate | $104,000.00 (no equity) | | X |
| 3. Purity Milk Business | $(no equity) | | X |
| 4. Chevrolet Van | $3,000.00 | X | |
| 5. Pontoon boat | $(no value given) | | X |
| 6. 4-wheeler | $3,000.00 | X | |
| 7. Pickup turck | $5,000.00 | | X |
| 8. Dresser | $(no value given) | X | |
| 9. One chest of drawer | $(no value given) | X | |
| 10. Homemade bookshelf | $(no value given) | X | |
| 11. One child's chest of drawers | $(no value given) | X | |
| 12. One stove | $(no value given) | X | |
| 13. One dishwasher | $(no value given) | | X |
| 14. One couch and love seat | $(no value given) | | X |
| 15. One recliner | $(no value given) | | X |
| 16. One deep freeze | $(no value given) | X | |
| 17. Antique dining table and six chairs | $(no value given) | | X |
| 18. One antique hutch | $(no value given) | X | |
| 19. Two oak bar stools | $(no value given) | X | |
| 20. Two rocking chairs | $(no value given) | X | |
| 21. One queen oak bed | $(no value given) | X | |
| 22. Two night stands | $(no value given) | X | |
| 23. Two end tables | $(no value given) | X | |
| 24. Child's belongings and toys | $(no value given) | X | |

7. Defendant shall pay all indebtedness on the resident and business and hold Plaintiff harmless therefor.

8. Defendant is awarded the pontoon boat, which is a marital asset, and shall pay any indebtedness thereon and hold the Plaintiff harmless therefor.

\*              \*              \*

Plaintiff appeals and presents for review the issue of whether the trial court erred in its division of the marital property.

Although there is a presumption that marital property is owned equally, there is no presumption that marital property should be divided equally. ***Bookout v. Bookout***, 954 S.W.2d 730, 731 (Tenn. Ct. App. 1997). Thus, an equitable division of marital property need not be an equal division of the property. ***Id.*** A trial court is afforded wide discretion when dividing the marital property, and its distribution will be given "great weight" on appeal. ***Ford v. Ford***, 952 S.W.2d 824, 825 (Tenn. Ct. App. 1997). Guidelines for the equitable division of marital property are set forth in T.C.A. § 36-4-121(c)(Supp. 2003). That statute provides, in relevant part:

> (c) In making equitable division of marital property, the court shall consider all relevant factors including:
>
> (1) The duration of the marriage;
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
> (4) The relative ability of each party for future acquisitions of capital assets and income;
> (5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (6) The value of the separate property of each party;
> (7) The estate of each party at the time of marriage;
> (8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;
(10) The amount of social security benefits available to each spouse; and
(11) Such other factors as are necessary to consider the equities between the parties.

We note that the Appellant does not dispute the trial court's finding of what assets constituted marital and separate property, but only disputes the equity of the division of the marital property. From our review of the entire record in this case, we find that the evidence does not preponderate against the trial court's findings nor does the evidence indicate that the trial court abused its discretion in making a division of the marital property.

Accordingly, the trial court's final order is affirmed. Costs of the appeal are assessed to the Appellant, Sheila Kay Brown Jones, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.