# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
October 12, 2004 Session

## PATSY HILL OAKLEY v. JAMES SPENCER OAKLEY

**An Appeal from the Circuit Court for Shelby County**
**No. 157480-6     George H. Brown, Judge**

---

**No. W2004-00344-COA-R3-CV - Filed May 3, 2005**

---

This is a divorce case about division of marital assets, on appeal for the second time. Initially, the trial court divided the marital assets by granting each party approximately half. The husband appealed, arguing, *inter alia*, that the wife should not receive a share of his separately owned business or a share of the appreciation in value of his separately owned securities. This Court held that the wife was not entitled to a share of the appreciation in value of the husband's separately owned securities. As to the business, this Court held that the wife was entitled only to a share of any appreciation in its value, and remanded to the lower court for a determination of the amount of any such appreciation in the value of the business. On remand, the trial court eliminated the wife's award of a share of the increase in value of the securities, as ordered by this Court, and found that there was no evidence of any increase in the value of the business. No other changes were made to the division of marital property, with the result being that the wife's award, while smaller in value, was proportionally larger than the husband's award. The husband appealed a second time, arguing that this new division was inequitable. We affirm.

### Rule 3 Appeal; Judgment of the Circuit Court is affirmed

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and DAVID R. FARMER, J., joined.

David E. Caywood, Memphis, TN, for appellant James Spencer Oakley

James O. Parker and Sam Blaiss, Memphis, TN, for appellee Patsy Hill Oakley

### OPINION

James Spencer Oakley ("Husband") and Patsy Hill Oakley ("Wife") were married in December 1975. They have two daughters, one of whom was still a minor at the time of trial. During the marriage, Wife was the primary caregiver for the children and did not work outside the home. As a hobby, Wife ran a small antiques business, but testified that she earned no profit

on it. Husband owned and operated Oakley Framers, a custom picture framing business that he inherited from his mother. Husband and Wife separated in August 1997, after twenty-two years of marriage.

Both parties were granted a divorce based on inappropriate marital conduct pursuant to a Final Decree of Absolute Divorce ("Final Decree"), dated July 28, 2000. Husband and Wife were awarded joint custody of their minor daughter, with Wife as primary residential parent. Wife was awarded child support of $790 per month, alimony *in futuro* of $375 per month, rehabilitative alimony of $1,000 per month for 48 months, and alimony *in solido* of $65,000. Wife retained separate property worth approximately $101,500 and Husband retained separate property worth approximately $242,540. Husband and Wife were awarded approximately half of the marital assets each; $418,389 to Husband and $424,599 to Wife. The securities were deemed Husband's separate property. However, Wife's share of the marital property included a 25% share of the increase in value of the securities, valued at $43,500. The business, Oakley Framers, was deemed marital property, but was awarded in its entirety to Husband.

Husband appealed the award of alimony, the award of a share of the increase in value of the securities, and the finding that Oakley Framers was marital property. In an opinion dated August 10, 2001, this Court modified the award of alimony,[1] and reversed the award of $43,500 that resulted from the appreciation in value of the securities. **Oakley v. Oakley**, No. W2000-02033-COA-R3-CV (Tenn. Ct. App. Aug. 10, 2001). The Appellate Court noted that it was undisputed that the securities were the separate property of Husband and that the appreciation in value was not due to any substantial contribution from Wife.[2] *Id*. at *4.

As to the Oakley Framers business, in an apparent misstatement, this Court said that Oakley Framers was found by the trial court to be separate property, but that Wife had contributed to its preservation and appreciation, and that only seventy-five percent of it was awarded to Husband. The appellate court affirmed the finding that Wife had substantially contributed to its preservation and appreciation in value, but held that only any increase in value of the business could be deemed marital property. *Id*. Based on this finding, this Court remanded the cause to the trial court for a determination of the amount of any appreciation in value of Oakley Framers. *Id*. at *5.

On remand, the trial court classified Oakley Framers as Husband's separate property and noted that this was a change from the original divorce decree. It held that Wife had presented no credible evidence of the value of Oakley Framers at the time of Husband's acquisition. Based on this, the trial court found that it had no basis from which to determine the amount of any appreciation in the value of Oakley Framers. As a result, on remand, Wife received no portion of the value of Oakley Framers.

---

[1] Alimony is not at issue in this appeal.

[2] Under T.C.A. § 36-4-121(b)(1), a spouse may receive a portion of the appreciation of the other spouse's separate property if each party "substantially contributed to its preservation and appreciation." T.C.A § 36-4-121 (b)(1) (2001).

Additionally, the trial court reviewed the division of marital assets. The trial court noted that the reversal of the prior award of the increase in value of Husband's securities resulted in Wife receiving $43,500 less than the prior division of marital assets. The trial court also pointed out that Husband was awarded sole ownership of Oakley Framers, a highly profitable business, while Wife's award consisted primarily of the marital residence, which did not generate income. The trial court also noted that, after the divorce, Husband will be in a position to accumulate assets, while Wife is unlikely to be able to do so. In light of these findings, the trial court made no other changes to the original allocation of marital assets.

In the original Final Decree, the total value of the marital assets was $842,992.89. Of this total, Husband was awarded $418,391.52 and Wife was awarded $424,601.37. On remand, the marital estate was reduced by $225,000—$174,000, which represented the increase in the value of Husband's securities, plus $51,000, the approximate value of Oakley Framers. Thus, the total value of the marital assets was reduced to $617,992.89. The value of Wife's share was reduced to $381,101.37. However, because the total value of the assets classified as marital was now lower, Wife's share represented a higher proportion of the total value. On remand, Wife received approximately 61% of the marital assets and Husband's share became approximately 39%. From this order, Husband now appeals, arguing that Wife's share of the martial assets is inequitable under the circumstances of this case.

Although there is a presumption that marital property is owned equally, there is no presumption that marital property should be divided equally. *See Bookout v. Bookout*, 954 S.W.2d 730, 731 (Tenn. App. 1997). Thus, an equitable division of the marital property need not be an equal division of the property. *See id.* A trial court is afforded wide discretion when dividing the marital property, and its distribution will be given "great weight" on appeal. *See Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. App. 1997). Factors to be considered in the equitable division of marital property are set forth in Tennessee Code Annotated § 36-4-121(c).[3]

---

[3] T.C.A. § 36-4-121(c) states:

(c) In making equitable division of marital property, the court shall consider all relevant factors including: (1) The duration of the marriage; (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties; (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party; (4) The relative ability of each party for future acquisitions of capital assets and income; (5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role; (6) The value of the separate property of each party; (7) The estate of each party at the time of the marriage; (8) The economic circumstances of each party at the time the division of property is to become effective; (9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset; (10) The amount of social security benefits available to each spouse; and (11) Such other factors as are necessary to consider the equities between the parties.
T.C.A. § 36-4-121(c) (2000).

On appeal, Husband acknowledges that, under Tennessee law, the equitable distribution of property is not necessarily an equal distribution. Still, Husband asserts that, under the facts of this case, an equal distribution is an equitable one. Husband contends that the total award of alimony will result in Wife receiving approximately $171,500 (part of which is contingent on Wife's ability to obtain healthcare benefits). He calculates that the amount of alimony coupled with $144,209.85 disparity in the award of marital assets will result in Wife receiving $315,709.85 more than Husband. Husband argues that this disparity undercuts the proposition that Wife will not be in as good a position as Husband for future acquisition of capital assets. Moreover, Husband argues, the unequal division of marital assets means that Wife enjoys substantially better economic circumstances than portrayed in the trial court's order. Husband asks that these factors be considered in assessing the equities between the parties pursuant to Tennessee Code Annotated § 36-4-121(c)11.

As noted above, the trial court is afforded substantial discretion in the division of marital assets pursuant to Tennessee Code Annotated § 36-4-121(c)11, and the decision of the trial court is given great weight on appeal. ***Ford v. Ford***, 952 S.W.2d 824, 825 (Tenn. Ct. App. 1996). After a careful review of the record, we cannot conclude that the division of marital assets in the trial court's ruling on remand constitutes an abuse of discretion. Therefore, it must be affirmed.

The decision of the trial court is affirmed. Costs of this appeal are taxed to the appellant, James Spencer Oakley, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE