# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 5, 2001 Session

## GERALD W. HOPPER v. PATRICIA ANN HOPPER

**A Direct Appeal from the Circuit Court for Davidson County**
**No. 98D-2599    The Honorable Marietta M. Shipley, Judge**

---

### No. M2000-01444-COA-R3-CV - Filed May 24, 2001

---

Wife appeals final decree of divorce as it pertains to a division of marital property and alimony in futuro award.  The trial court charged Wife with entire amount of advance from house-sale proceeds and failed to award Wife one-half of Husband's retirement.  Wife appeals.  We modify the division of marital property and affirm as modified.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Joanie L. Abernathy, Franklin, For Appellant, Patricia Ann Hopper

Michael S. Bligh, Nashville, For Appellee, Gerald W. Hopper

## MEMORANDUM OPINION[1]

---

*CRAWFORD, J.*

---

[1]Rule 10 (Court of Appeals).  Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Plaintiff/Appellee, Gerald Wayne Hopper (Husband), and Defendant/Appellant, Patricia Ann Hopper (Wife) divorced after a 37-year marriage. The parties had no minor children at the time of the divorce. Husband and Wife are in their late fifties, and both complain of health problems. Wife suffers from high blood pressure, high cholesterol and heart problems. Husband has Meniere's Disease, which can apparently cause hearing loss or deafness.

On May 15, 2000, the trial court entered a final decree that granted Husband a divorce pursuant to T.C.A. § 36-4-101(12) and set out a division of marital assets. That division is as follows:

| Asset | Value | Husband | Wife |
|---|---|---|---|
| 1993 Ford Thunderbird | $6,500.00 | $6,500.00 | |
| 1991 Buick Park Avenue | $6,500.00 | | $6,500.00 |
| Husband's cash | $9,700.00 | $9,700.00 | |
| Husband's checking account | $4,600.00 | $4,600.00 | |
| Wife's checking account | $1,600.00 | | $1,600.00 |
| Sunpoint securities | $400.00 | $400.00 | |
| BellSouth stock | $1,400.00 | $1,400.00 | |
| BellSouth 401k | $49,285.24 | $49,285.24 | |
| First Union IRA | $8,573.97 | $8,573.97 | |
| Ascend account | $13,500.69 | | $13,500.69 |
| Ascend account IRA | $12,721.37 | | $12,721.37 |
| J.C. Bradford account | $7,905.82 | | $7,905.82 |
| U.S. Savings bonds | $1,975.00 | $1,975.00 | |
| Cash value life insurance | $5,000.00 | $5,000.00 | |
| Silk Plants Plus | $35,000.00 | | $35,000.00 |
| Cash proceeds from house | $94,095.58 | $47,047.79 | $47,047.90 |

| | | | |
|---|---|---|---|
| Cash Advance on sale of marital home[2] | $32,000.00 | | $32,000.00 |
| MFS-IRA account | $93,994.33 | $57,894.00 | $36,100.33 |
| TOTALS: | $384,752.00 | $192,376.00 | $192,376.11 |

Wife appeals and presents three issues for review: (1) Whether the trial court failed to make an equitable division of marital property pursuant to T.C.A. § 36-4-121; (2) Whether the trial court erred in the amount of alimony in futuro awarded to Wife; and (3) Whether the trial court erred in failing to award Wife attorney's fees.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).

Although there is a presumption that marital property is owned equally, there is no presumption that marital property should be divided equally. *See Bookout v. Bookout*, 954 S.W.2d 730, 731 (Tenn. App. 1997). Thus, an equitable division of the marital property need not be an equal division of the property. *See id.* A trial court is afforded wide discretion when dividing the marital property, and its distribution will be given "great weight" on appeal. *See Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. App. 1997). Guidelines for the equitable division of marital property are set forth in T.C.A. § 36-4-121, which provides, in relevant part:

> (c) In making equitable division of marital property, the court shall consider all relevant factors including:
>
> (1) The duration of the marriage;
>
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
>
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

---

[2]This amount represents the advances Wife took on proceeds from the sale of the parties' marital home. When added to the item labeled "Cash Proceeds from House", the items equal the $126,095.58 gross proceeds from the sale of the parties' marital residence.

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;

(10) The amount of social security benefits available to each spouse;  and

(11) Such other factors as are necessary to consider the equities between the parties.

T.C.A. § 36-4-121(c) (2000 Supp.).  It is with these considerations in mind that we review the trial court's actions in dividing marital assets and debt in this case.

Wife first asserts that the trial court erred in deducting the $32,000.00 advance Wife took against the proceeds from the parties' home from her award of marital property.  Wife argues that $27,000.00 of the advance was used to pay business debt and expenses, and that both parties should, therefore, be charged with half of that portion of the advance.  We believe the evidence does not preponderate against the trial court's implicit finding that the $32,000.00 advance was not chargeable as a marital expense.

At the conclusion of proof in this case, the court orally set out a division of property.  After discussing the property awarded to Mr. Hopper, the court addressed Ms. Hopper's property award as follows:

Okay. Now, Mrs. Hopper gets the Buick. I value the business at 35,000. That is 48 plus the 3 in the checking account, minus the 16 for accounts payable, business at 35, her personal checking account at 1600, that's 2500 minus her house payment. Her Ascend account of 13,500.69, the Ascend IRA of 12,721.37, and the J.C. Bradford at 7905.82. Now, that totals, let's see, 77,277.88. Now, that's the basic. So, that means [Mr. Hopper] owes her 5,103.16, okay, when you just take those two figures, *she owes 16,000, half of the 32 that she got as a credit*. Okay? So, that means, whatever figure we come up with, she owes him 10,896.84.

(emphasis added). The court apparently determined that Ms. Hopper had not provided sufficient proof that $27,000.00 of the $32,000.00 advance was used to pay business debt and expenses and considered the entire amount to be for Wife's personal expenses.

In a case where the resolution of the issues depends upon the truthfulness of witnesses, the trial judge who has the opportunity to observe the witnesses in their manner and demeanor while testifying is in a far better position than this Court to decide those issues. *See McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995); *Whitaker v. Whitaker*, 957 S.W.2d 834, 837 (Tenn. App. 1997). The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded must be given great weight by the appellate court. *See id*.; *In re Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997). Given the fact that, other than Ms. Hopper's testimony at trial, there is no evidence that Ms. Hopper used the advance to pay business expenses and debt, we must accede to the trial court's assessment that the advance was not used to pay marital debt.

Ms. Hopper also asserts that the trial court erred when it failed to award her a portion of her husband's monthly pension from BellSouth. The record reflects that the parties stipulated to an equal division of the pension. Except for the award of the pension death benefit to Wife, the trial court did not include the pension value in the asset allocation. Since it appears that the trial court attempted to make an equal division of the marital property, the pension should have been so divided.

Wife next asks us to hold that the trial court erred in the amount of alimony in futuro awarded to Wife. Guidelines for the determination of alimony are set forth in T.C.A. § 36-5-101(d) (2000 Supp.). The trial court is afforded wide discretion concerning the award of alimony, and an appellate court should reverse the trial court's findings only in instances in which this discretion "has manifestly been abused." *Hanover v. Hanover*, 775 S.W.2d 612, 617 (Tenn. App. 1989); *Ford v. Ford*, 952 S.W.2d 824, 827 (Tenn. App. 1997). We find no such abuse of discretion in this case.

Wife argues that the alimony award is insufficient to cover her expenses, specifically, her health insurance coverage. However, wife testified that her health insurance coverage would run between $195 and $268 per month. Since the record indicates that the parties' annual incomes are largely the same, the trial court could have intended the $250.00 award to cover Wife's health insurance payments. Although the trial court did not award Wife funds to pay for her own life insurance coverage, the court did order Husband to maintain Wife as the beneficiary of his life insurance policy. If Wife's circumstances change significantly, leaving her unable to afford to pay her monthly expenses, she may always petition the court to modify the alimony award. *See Brewer v. Brewer*, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993).

Finally, Wife argues that the trial court erred in not awarding her attorney's fees. The trial court is afforded discretion concerning whether to award attorney's fees in a divorce case. *See Long v. Long*, 957 S.W.2d 825, 828 (Tenn. App. 1997). An appellate court will not interfere with the trial court's decision to award attorney's fees unless it is shown that "manifest injustice would be done if the award is allowed to stand." *Id.* We find no abuse of discretion in the court's ruling as to attorney's fees.

Accordingly, the division of marital property is modified by awarding Wife one-half of Husband's pension. The case is remanded for modification of the division of marital property consistent with this Opinion. As modified, the decree is affirmed. Costs of appeal are assessed equally to the parties, Gerald Wayne Hopper and Patricia Ann Hopper.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.